**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT DIVISION**

| | |
|---|---|
| KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND; KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND; LABORERS' NATIONAL PENSION FUND; and KENTUCKY LABORERS – EMPLOYERS COOPERATION AND EDUCATION TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> DANNY SULLIVAN EXCAVATING, LLC, an Ohio limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Case No. <br><br> (Electronically Filed) |

## COMPLAINT

NOW COME the Plaintiffs, the KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND, the KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND, the LABORERS' NATIONAL PENSION FUND and the KENTUCKY LABORERS – EMPLOYERS COOPERATION AND EDUCATION TRUST, by and through their counsel, attorney DENNIS JOHNSON of JOHNSON & KROL, LLC, complaining of Defendant DANNY SULLIVAN EXCAVATING, LLC, and allege as follows:

## JURISDICTION AND VENUE

1.  This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. §§§ 1132, 1145 and 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND is administered at 1996 By Pass South, Lawrenceburg, Kentucky 40342, the KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND is administered at 2000 By Pass South, Lawrenceburg, Kentucky 40342, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Kentucky, Frankfort Division.

**PARTIES**

3.      The KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND ("WELFARE FUND"), KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND ("TRAINING FUND") and LABORERS' NATIONAL PENSION FUND ("PENSION FUND") (collectively "TRUST FUNDS") are Taft-Hartley benefit funds which provide benefits to their participants and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4.      The TRUST FUNDS are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(8), and are authorized to bring lawsuits on behalf of their participants and beneficiaries.

5.      The KENTUCKY LABORERS - EMPLOYERS COOPERATION AND EDUCATION TRUST ("LECET") is a labor management cooperation committee that is jointly administered by the Kentucky Laborers District Council ("District Council") and construction industry employers in Lawrenceburg, Kentucky.

6.      The LECET is the collection agent for the Ohio Valley and Southern States Laborers Employers Cooperation and Education Trust.

7.      The TRUST FUNDS and LECET are also third-party beneficiaries of the collective bargaining agreements between the employers and various local unions, including Laborers' Local Union No. 1445 affiliated with the District Council.

8.      Defendant DANNY SULLIVAN EXCAVATING, LLC ("DANNY SULLIVAN EXCAVATING") is an Ohio limited liability company with its principal place of business located at 801 Lane Street, Coal Grove, Ohio 45638.

<u>**COUNT I**</u>
<u>**BREACH OF THE LABOR AGREEMENT**</u>

9.      Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10.     DANNY SULLIVAN EXCAVATING is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a Collective Bargaining Agreement ("CBA") between the Heavy and Highway Contractors and the District Council in effect for the period of July 1, 2015 through June 30, 2020.  (A copy of the CBA is attached hereto as **Exhibit 1**); (A copy of the Acceptance of Agreement signed by DANNY SULLIVAN EXCAVATING is attached as **Exhibit 2**).

11.     Through the CBA, DANNY SULLIVAN EXCAVATING became bound by the provisions of the Agreements and Declarations of Trust which created and govern the administration of the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"). (**Exhibit 1**).

12.     Pursuant to the provisions of the CBA, DANNY SULLIVAN EXCAVATING is required to make monthly reports of hours paid to all bargaining-unit employees and pay contributions to the TRUST FUNDS and LECET for each hour worked by its bargaining-unit employees. (**Exhibit 1**).

13.     The monthly reports and payments during all times relevant were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**).

14.     The CBA also provides that an employer shall be liable for liquidated damages set by the Trustees of the TRUST FUNDS if an employer fails to pay contributions by the 20th day of the month following the month in which the work was performed. (**Exhibit 1**).

15.     Pursuant to the Delinquency, Audit, and Other Payment Procedures ("Collection Procedures") adopted by the TRUST FUNDS, employers who fail to submit their monthly contribution reports and contributions to the TRUST FUNDS on a timely basis are responsible for payment of liquidated damages at a rate of 10% of the delinquent contributions, interest at the rate of ten percent (10%) per annum, plus attorneys' fees and costs.

16.     In order to verify an employer's compliance with the CBA, Trust Agreements and Collection Procedures, the TRUST FUNDS and LECET may perform a payroll compliance audit of an employer at any time.

17.     The CBA, Trust Agreements and Collection Procedures provide that employers must provide any financial records as deemed necessary by the TRUST FUNDS and LECET's auditor in order to ensure compliance.

18.     Section 8.1 of the WELFARE FUND's Trust Agreement (as amended) provides the following:

> Each Employer shall promptly furnish to the Trustees on demand any and all necessary records of his Employees concerning the names, Social Security numbers, amount of wages paid and hours worked and any other payroll records that the Trustees may require in connection with the administration of the Trust Fund and for no other purpose. The Trustees or their authorized representatives may examine the payroll books and records

of each Employer whenever such examination is deemed necessary by the Trustees in connection with the proper administration of the Trust.

19.   Defendant DANNY SULLIVAN EXCAVATING failed to remit its monthly contribution reports to the PENSION FUND for the months of September 2017 and February 2018.

20.   As a result of its failure to remit its monthly contribution reports for the months of September 2017 and February 2018, DANNY SULLIVAN EXCAVATING owes contributions and interest to the PENSION FUND in an unknown amount.

21.   In various months from the period of August 2016 through March 2018, Defendant DANNY SULLIVAN EXCAVATING also failed to timely remit payment of contributions to the TRUST FUNDS, resulting in liquidated and interest in the aggregate amount of $1,742.46, itemized as follows:

| Month: | Welfare Fund: | Training Fund: | Pension Fund: |
|---|---|---|---|
| 16-Aug | $88.88 | $5.76 | $0.00 |
| 17-Jan | $153.32 | $9.93 | $0.00 |
| 17-July | $0.00 | $0.00 | $12.08 |
| 17-Aug | $169.09 | $10.29 | $12.13 |
| 17-Sep | $149.73 | $9.11 | Unknown |
| 17-Oct | $164.83 | $10.03 | $11.37 |
| 17-Nov | $153.34 | $9.32 | $10.77 |
| 17-Dec | $165.44 | $10.06 | $22.20 |
| 18-Jan | $163.41 | $9.94 | $21.76 |
| 18-Feb | $163.78 | $9.96 | Unknown |
| 18-Mar | $163.78 | $9.96 | $22.20 |
| Total: | $1,535.60 | $94.36 | $112.50 |

22.   In addition to the above-referenced liquidated damages and interest owed by Defendant DANNY SULLIVAN EXCAVATING, the TRUST FUNDS and LECET also desire to perform a payroll compliance audit.

23.   On several occasions, Plaintiffs' auditor has attempted to contact Defendant DANNY SULLIVAN EXCAVATING requesting copies of records necessary to complete the payroll compliance audit.

24. Defendant DANNY SULLIVAN EXCAVATING has refused to cooperate with the requests for these records to complete the audit and as a result, is in breach of the CBA and Trust Agreements to which it is bound.

25. Defendant DANNY SULLIVAN EXCAVATING owes Plaintiffs all contributions, liquidated damages, interest, and auditor fees revealed by the payroll compliance audit, in addition to the liquidated damages and interest already known to be due and owing as outlined above.

26. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing by the Defendant DANNY SULLIVAN EXCAVATING.

27. Plaintiffs have complied with all conditions precedent in bringing this suit.

28. Defendant DANNY SULLIVAN EXCAVATING obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, Procedures and 29 U.S.C. §1132(g)(2)(D).


**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. That an Order be entered requiring Defendant DANNY SULLIVAN EXCAVATING to remit its outstanding monthly contribution reports to the PENSION FUND for the months of September 2017 and February 2018;

B. That an Order be entered in favor of Plaintiffs and against Defendant DANNY SULLIVAN EXCAVATING in the aggregate amount of $1,742.46, itemized as follows:

    i.    $1,535.60 in liquidated damages and interest to the WELFARE FUND for the untimely payment of contributions;

    ii.    $94.36 in liquidated damages and interest to the TRAINING FUND for the

untimely payment of contributions; and

iii.     $112.50 in interest to the PENSION FUND for the untimely payment of contributions.

C.     That an Order be entered requiring Defendant DANNY SULLIVAN EXCAVATING to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

D.     That Judgment be entered in favor of Plaintiffs and against Defendant DANNY SULLIVAN EXCAVATING for all contributions, liquidated damages, interest and auditor fees as revealed by the payroll compliance audit;

E.     That Defendant DANNY SULLIVAN EXCAVATING be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

F.     That this Court retain jurisdiction of this case pending compliance with its order; and

G.     That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendant DANNY SULLIVAN EXCAVATING, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

/s/ Dennis R. Johnson
Dennis R. Johnson (KY Bar No. 96387)
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 372-8587
johnson@johnsonkrol.com